United States District Court
Western District of Texas
Waco Division

| | |
|---|---|
| Getagadget, LLC<br><br>Plaintiff<br><br>v.<br><br>Jet Creations Inc.<br><br>Defendant | Civil Action No. 06:19-cv-330<br><br>Jury Trial |

## Original Complaint

Plaintiff, Getagadget, LLC files this Original Complaint against Defendant, Jet Creations Inc., and for cause of action would show the Court as follows:

## Parties

1. Plaintiff, Getagadget, LLC, is a Texas Limited Liability Company with its principle place of business at 6406 Burleson Road, Suite 120, Austin Texas 78744.

2. Upon information and belief, Defendant, Jet Creations Inc., is a Virginia Corporation with its principal place of business at 6610 Fleet Dr., Alexandria VA 22310.

3. Defendant, Jet Creations Inc., maintains a Registered Agent in its state of incorporation and may be served at: Jimmy Tseng, 6610 Fleet Drive, Alexandria VA 22310.

## Jurisdiction

4. This is an action for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin, and Federal Trade Dress Infringement.

5. This is an action for Texas Common Law Trademark Infringement, Unfair Competition, and Trade Dress Dilution under the common law of the State of Texas.

6. The claim for Federal Trademark Infringement arises under 15 U.S.C. § 1114.

7. The claim for Federal Unfair Competition and Federal False Designation of Origin arises under 15 U.S.C. § 1125(a).

8. The claim for Federal Trade Dress Infringement arises under 15 U.S.C. § 1125(a).

9. The claim for Texas Common Law Trademark Infringement, Texas Common Law Unfair Competition, and Texas Common Law Trade Dress Infringement all arise under the common law of the State of Texas.

10. The Court has jurisdiction over the lawsuit under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §1121(a).

11. The Court has supplemental jurisdiction over the State of Texas claims in the lawsuit under 28 U.S.C. § 1367(a).

12. Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), sells or offers for sale the infringing products in this District and in the State of Texas.

13. This Court has personal jurisdiction over Defendant because it is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District. Among other things, (i) Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), has advertised,

marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, including through its web site, www.jetcreations.com and online catalog, infringing products to customers and/or potential customers, including in this District, as well as, and through other websites and retail stores in this District, including Amazon at www.amazon.com, Walmart at www.walmart.com, and SwimOutlet.com at www.swimoutlet.com, (ii) Defendant's tortious acts giving rise to this lawsuit and harm to Plaintiff have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Defendant acted with knowledge that its unauthorized use of Plaintiff's proprietary rights would cause harm to Plaintiff in the State of Texas and in this District, and (iv) Defendant's customers and/or potential customers reside in the State of Texas, including in this District.

**Venue**

14. Venue is proper under 28 U.S.C. §§ 1391(a)-(d).

**Plaintiff's Infringed Intellectual Property**

15. Plaintiff's Intellectual Property infringed by the Defendant is the following and attached as Exhibits A, B, and C:

   BIG BITE, US TM Reg. No. 4423917 (Exhibit A)
   BIG BITE and Design, US TM Reg. No. 4423918 (Exhibit B)
   Getagadget, US TM Reg. No. 4275773 (Exhibit C)

16. Plaintiff's Products and/or Goods/Services that use or display the above Intellectual Property are the following and attached as Exhibit D:

   BIG BITE Shark Beach Bucket

17. Plaintiff owns the entire right, title, and interest in the above Trademarks. Plaintiff was previously known as Getagadget, Inc. The change of name to Getagadget, LLC has been recorded in the Assignment Records at the United States Patent & Trademark Office.

18. All of the above registrations are in effect and all of the registrations have become incontestable under 15 U.S.C. § 1065.

### Defendant's Infringing Products and/or Goods/Services

19. Defendant's Infringing products include the following:

    Big Bite T-Rex!

20. Defendant's Infringing Products and/or Goods/Services include the following and attached as Exhibit E:

    Big Bite T-Rex! Prehistoric Float (FUN-TYR6)

21. Exhibit E is a sample product of Defendant that was purchased through Amazon at [www.amazon.com](www.amazon.com) and delivered to an address located in this District (Exhibit G).

22. Exhibit E is a sample product of Defendant that was purchased through Walmart at [www.walmart.com](www.walmart.com) and was picked up at a retail facility located in this District (Exhibit H).

### Plaintiff's Facts

23. Plaintiff is in the business of making, selling, and distributing resort and promotional novelty items.

24. Plaintiff is the owner of the trademarks as described above and has continuously used those marks in connection with plastic buckets, sand toys, and water toys since 2008.

25. Plaintiff's trademarks are inherently distinctive as they neither serve as a name for the above goods and/or services themselves nor describe any quality, characteristic, or ingredient of the above goods and/or service.

26. Plaintiff's trademarks have acquired distinctiveness as a result of long and continuous use.

27. Plaintiff has used and promoted its trademarks on its website and in its product catalogs. Representative specimens of some of these materials are attached as Exhibit F.

28. As a result of the extensive use and promotion, Plaintiff's trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff and its products, services, and goodwill. Accordingly, the trademarks are strong and entitled to broad protection.

29. Plaintiff continues to invest substantial time and money in promoting its goods and/or services offered under the trademarks.

## Defendant's Infringement

30. Upon information and belief, Defendant is in the business of novelty and custom inflatables.

31. Defendant sells or promotes water toys unlawfully using the above identified trademarks of Plaintiff.

32. Representative specimens of some of these materials are attached as Exhibit E.

33. Despite the limitless other marks that Defendant could have chosen, it wrongfully appropriated a trademark identical or confusingly similar to Plaintiff's trademarks without Plaintiff's permission.

34. Defendant chose an identical or confusingly similar mark to Plaintiff's trademarks even though the most rudimentary internet and/or trademark search would have revealed Plaintiff's federal registrations. In addition, Defendant's actions falsely indicate to consumers that Defendant's goods and/or services originated from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's goods and/or services.

35. Defendant received actual notice of its infringing uses of Plaintiff's trademarks, at least by way of this Complaint.

**Count 1    Federal Trademark Infringement**

36. Defendant's unauthorized use of Plaintiff's trademark falsely indicates to consumers that Defendant's goods and/or services originated from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's goods and/or services, or falsely that Plaintiff's goods and/or services are so associated with Defendant.

37. Defendant's unauthorized use of Plaintiff's trademarks in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

38. Defendant's actions, as described above, constitute Federal Trademark Infringement in violation of 15 U.S.C § 1114(1).

### Count 2     Federal Unfair Competition and False Designation of Origin

39. Defendant's actions, as described above, constitute Federal Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a).

### Count 3     Federal Trade Dress Infringement

40. Defendant's actions, as described above, constitute Federal Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

### Count 4     Texas Common Law Trademark Infringement

41. Defendant's actions, as described above, constitute Texas Common Law Trademark Infringement in violation of the common law of the State of Texas.

### Count 5     Texas Common Law Unfair Competition

42. Defendant's actions, as described above, constitute Texas Common Law Unfair Competition in violation of the common law of the State of Texas.

### Count 6     Texas Common Law Trade Dress

43. Defendant's actions, as described above, constitute Texas Common Law Trade Dress infringement in violation of the common law of the State of Texas.

### Demand for Jury Trial

44. Plaintiff requests a trial by jury on all triable issues.

### Prayer

Plaintiff asks for judgment in its favor against Defendant for the following:

    a.     The Court declare that Defendant infringes Plaintiff's trademarks and rights as described above.

b.      The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from further acts of infringement.

c.      The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from using Plaintiff's trademarks as described above in a confusingly similar manner.

d.      The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from competing unfairly with Plaintiff as described above.

e.      The Court order Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, to deliver for destruction, or show proof of destruction of all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference Plaintiff's trademarks or any other confusingly or substantially similar marks, and all materials or articles used for making or producing same.

f.  The Court issue an order against Defendant for an accounting of profits in respect of the infringement.

g.  Plaintiff recover all damages it has sustained as a result of Defendant's infringement and unfair competition, increased as the Court determines is appropriate to the circumstances of this case.

h.  Plaintiff recover Defendant's profits resulting from its infringement and unfair competition, increased as the Court determines is appropriate to the circumstances of this case.

i.  Plaintiff recover supplemental damages and/or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed.

j.  The Court declare this case an exceptional case and award Plaintiff its reasonable attorney fees for prosecuting this suit.

k.  Plaintiff recover its costs of this suit.

l.  Plaintiff recover prejudgment and post judgment interest as authorized by law.

m.  Plaintiff have all other relief the Court deems appropriate.

Date: May 29, 2019                                Respectfully submitted,

                                                                          */s/ Matthew J. Booth*
Matthew J. Booth

Matthew J. Booth
Matthew J. Booth PC
Texas Bar No. 02648300
5501A Balcones Drive, Suite 301
Austin Texas 78731
Tel:   +1 (512) 474-8488
Fax:  +1 (512) 596-2875
matthew.booth@boothlaw.com

Dale Langley
The Law Firm of H. Dale Langley Jr., P.C.
Texas Bar No. 11918100
1803 West Avenue
Austin TX 78701
Tel:   +1 (512) 477-3830
Fax:  +1 (512) 597-4775
dlangley@iptechlaw.com

Legal Counsel for Plaintiff
Getagadget, LLC